ELADIO CRUZ, Plaintiff and Appellant, *v.* EDUARDO GARRIDO MORALES, COMMISSIONER OF HEALTH OF PUERTO RICO, Defendant and Appellee.

No. 8164. Argued April 15, 1941.—Decided May 20, 1941.

*Ismael Soldevila,* for appellant. *George A. Malcolm, Attorney General, M. Rodríguez Ramos, Assistant Attorney General, R. Díaz Cintrón, Legal Adviser of the Department of Health, Celestino Iriarte, F. Fernández Cuyar* and *Héctor González Blanes,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Eladio Cruz requested the District Court of San Juan to issue a writ of mandamus ordering the Commissioner of Health, Dr. Eduardo Garrido Morales, to reinstate the plaintiff in his position of Local Chief or Health Inspector of Vieques, since he had been illegally removed from said position, and to condemn the defendant to pay the plaintiff damages consisting of the salaries which the latter had failed to receive after he had been suspended from his employment and salary and also $1,000 for attorney's fees. The salaries which the plaintiff alleged were owed to him amounted to $4,120.50.

The facts of the case, as they have been summarized by the lower court in its statement of the case and whose veracity we have confirmed by the examination which we have made of all the evidence offered at the trial, are as follows:

"On March 28, 1934, the Assistant Commissioner of Health, Dr. Antonio Arbona, proffered four charges of immoral conduct and false inspections, against the petitioner, Eladio Cruz, as the Local Chief or Health Inspector of Coamo, who by that time had been transferred to Vieques. Dr. Arbona suspended Cruz from his employment and salary and gave him three days to answer in writing said charges, which consisted of the following:

" 'Immoral Conduct: (a) That during the months of July and September, 1933, while you were stationed in Coamo as Local Health Inspector, you persuaded intentionally and maliciously the chauffeur Jerónimo Rivera, owner of the automobile No. P. 614 to sign certain statements of account for services rendered to the Insular Government in the inspection of dairies in that municipality on the 12th day of July, 1933, and on September 1 and 30, 1933, when said services had never been performed by the above mentioned chauffeur, and you furthermore certified said travelling accounts with your signature.

" ' (b) That in the same manner specified in charge number one, you persuaded the driver, Fernando A. Esteban, owner of the automobile P-1437, to sign certain statements of account for services rendered to the Insular Government in the inspection of dairies in the Municipality of Coamo during October 27, 1933, when said services had in reality never been rendered by the chauffeur Fernando A. Esteban to the Insular Government and you certified said travel expenses with your signature.

" ' (c) That you requested money from Mr. Juan Colón López, who worked as an architect in Coamo, which money you received on several occasions, under the guise of making a favorable recommendation of the plans to the Department of Health for their approval and the concurrent threat of not referring the same to the Department, all of which implies immorality on your part in the fulfillment of duty.'

" 'False Inspections: (a) That you maliciously and intentionally simulated inspection trips to the dairies in the Municipality of Coamo with the deliberate intention of collecting the travel accounts in order to pay other travel accounts incurred by you when you went

on private business to the town of San Germán in the automobile P–1437 owned by the chauffeur Fernando A. Esteban, all of this constituting besides a deception, a flagrant violation of the most elementary principles of honesty in the performance of your duties.'

"On March 31, 1934, the respondent, through his attorneys, Guerra Mondragón and Soldevila, and in a letter addressed to the Assistant Commissioner, Dr. Arbona, answered the charges saying:

" 'That he denies generally and specifically each and every one of the said charges because they are not true.

" 'That said Eladio Cruz furthermore alleges that the above mentioned charges have already been investigated and a decision favorable to the respondent rendered.'

"On April 18, 1934, the Commissioner of Health, Dr. Garrido Morales, sent all the documents connected with this case, including the charges and their answer, to the Civil Service Commission in order that the latter should investigate and decide in accordance with the first paragraph of Section 28 of the Civil Service Act, and the respondent was also informed in a letter sent on that date to him, through his attorney, that he was still suspended from his employment and salary and would continue so until the Commission should decide the case.

"Things being in that status, the hearing of the charges was held on May 15, 1934, before the Civil Service Commission with the assistance of Assistant Commissioner, Dr. Arbona, in representation of the Commissioner, Dr. Garrido Morales and of the respondent, Eladio Cruz, who was represented by his Attorney Ismael Soldevila At the hearing, evidence was offered by the complainant and the respondent, and the Commissioner of Health, as alleged in Par. 5 of the first count of the complaint, withdrew two of the charges, that is, that of immoral conduct marked with letter (b), in connection with services performed by the chauffeur Fernando A. Esteban, and that of false inspections also marked with letter (b), and upheld the other two.

"On September 17, 1934, the Civil Service Commission decided the case holding that the charge of immoral conduct marked with letter (a) against Eladio Cruz, as the Local Chief or Health Inspector of Coamo had been sufficiently proved by the complainant and that therefore he should not continue in the service of The People of Puerto Rico in the Department of Health, the Commissioner of Health being ordered to remove him from his position from the date

of his suspension from employment and salary. Dr. Garrido Morales, Commissioner of Health, was notified with a certified copy of the decision. He then addressed, on September 29, 1934, a certified letter to the respondent Eladio Cruz, informing him:

" '3. In accordance with the above mentioned decision you are notified that *you are hereby removed from the position* of Health Inspector, with an annual salary of $855, which you have been occupying in this Department, this removal being effective from March 31, 1934, the date on which you were notified of the above mentioned charges.'

. . . . . . . . . .

"On October 22, 1934, Eladio Cruz appealed to this court (the District Court of San Juan) from the decision of the Civil Service Commission and the Commissioner of Health, and in that case the court, on October 28, 1937, rendered judgment as follows:

" 'The court grants the petition, annulling and setting aside the order of September 17, 1934, issued by the Civil Service Commission, removing Eladio Cruz from the position of Local Health Chief of Coamo from the date on which he was suspended from employment and salary by Dr. Antonio Arbona, Assistant Commissioner of Health, and denies said petition where it requests that he be reinstated in his position of Local Health Chief of Coamo by the Commission and the Commissioner of Health and that he be paid the salaries which have accrued since the date of his suspension from employment and salary, with costs against the petitioner, not including attorney's fees. The secretary will return the record to the Commission.' "

On January 28, 1938, the plaintiff requested the defendant in writing to take the necessary steps in order to have his name reinstated in the list of eligibles within the Civil Service from which he had been eliminated, to which the defendant answered on February first that he could not recommend his reinstatement in said list since the plaintiff had been removed by the Department from his position because of charges against him which had been held true. On February 23, 1938, Attorney Soldevila wrote to the defendant insisting in the reinstatement of the plaintiff in his position, and the defendant answered on March 4, copying the letter which on the first of February he had sent the plain-

tiff. On the 25th of March, 1938, the plaintiff filed in the lower court his petition for a writ of mandamus.

The plaintiff appealed from the judgment which dismissed the complaint, and in support of the appeal he assigns fourteen errors, some of which he does not discuss in his brief, and others he discusses in groups or separately. However, the main contention of the appellant is that he was removed from office by the Civil Service Commission and not by the defendant Commissioner of Health, and that, as the decision of the Commission had been annulled in the lower court, the hearing of the charges held before said commission could not serve as a basis for his removal by the Commissioner, and that therefore, no hearing was held on the charges and he did not have an opportunity to defend himself.

What the lower court did in the review proceedings No. 21,799, *supra,* was to annul the decision of the Civil Service Commission by virtue of which it ordered the removal of the plaintiff from office, thus applying the rule of this Court established in the cases of *Pérez* v. *Garrido, Commissioner,* 48 P.R.R. 445, and *Domenech, Treas.* v. *District Court,* 48 P.R.R. 527, to the effect that in accordance with Section 28 of the Civil Service Act of Puerto Rico (Laws of 1931, page 534), the power to remove an official or employee falls upon the appointing official and that the Commission can only intervene to order his reinstatement in those cases where he was removed because of political or religious reasons. In the hearing of the proceedings for review the removal of the plaintiff decreed by the defendant was not involved nor was it the object of the decision by the court and proof of this is the fact that the court, in its judgment, denied the petition insofar as it requested that the Commission and the defendant be ordered to reinstate the plaintiff in his position of Local Chief of Vieques.

It appears from the documentary evidence and that given by the witnesses who testified in the case at bar, that defend-

ant was the one who removed the plaintiff from office, regardless of what the Commission recommended or did. The documentary evidence consists of the letter of September 29, 1934, *supra,* and the oral evidence consists of the testimony of the defendant during the trial when he expressed himself as follows:

". . . Before I removed from office the Inspector Eladio Cruz, I studied carefully first the charges proffered against him by Dr. Arbona and then the answer which he gave to said charges, then the report of the Auditor of Puerto Rico concerning an investigation carried out with respect to said facts by an Inspector of the Auditor's Office.

". . . . . . . . . . .

"The Auditor made that investigation at my suggestion and its result gave me grounds for the removal of this employee.

". . . . . . . . .

"Before removing him I studied the report of that investigation, *the reasons which he gave for his actions before the Civil Service Commission of Puerto Rico where I was represented by Dr. Arbona and then the charges and the reply which he made to them. After considering all that, I removed Mr. Cruz. . .*

". . . . . . . . .

". . . After studying all the evidence which I had before me, I sent a certified letter to Mr. Eladio Cruz, of which the full title was: "Re, *removal of this employee from the Department of Health.*" (Italics supplied.)

The legal question to be decided is whether the defendant removed the plaintiff from office after complying with all the requirements which the Civil Service Act decrees in these cases, that is, for good cause, and after filing charges and giving the employee an opportunity to defend himself, since only if the defendant had not complied with these requirements and had acted arbitrarily, would the official or employee who had been removed from office have a right to request and obtain his reinstatement by means of a writ of mandamus. *Pérez* v. *Garrido, Commissioner, supra.*

The evidence to which we have referred before shows that charges were filed against the plaintiff and he answered

them in a general manner, that a hearing was held before the Civil Service Commission where evidence both for and against plaintiff was offered, and the defendant was represented in said audience by the Assistant Commissioner, Dr. Arbona, and the plaintiff by his attorney, and finally that the defendant, after studying the charges, the plaintiff's answer, the evidence presented by the Commissioner, fully detailed in the decision rendered by said Commission, and a report rendered by the Auditor of Puerto Rico, held that the charges had been proved and removed the plaintiff from office. The fact that the hearing was held before the Commission does not render the proceeding fatally defective. The case of *Domenech* v. *District Court, supra,* cited by the appellant, is not applicable to the case which we are deciding. In that case, after having been removed by the Treasurer, the employee resorted to the Civil Service Commission requesting his reinstatement in office and the Commission held a hearing and then ordered his reinstatement. This Court, by means of a writ of certiorari, annulled the judgment of the lower court which had refused to review the Commission's decision as well as said decision, and in the course of the opinion, expressed itself as follows:

"The final portion of Section 28 is explicit: The commission may reinstate an officer or employee so removed, only in case it appears, after hearing, that the removal was made for political or religious reasons. The English text uses the word 'removal,' and the Spanish 'separación,' which is not exactly the same, since an employee may be separated for reasons not really amounting to a dismissal. Now, if the commission may only reinstate an officer or employee when the removal was made for political or religious reasons, why should there be a duty imposed upon it of investigating and deciding questions other than those of a political or religious nature? Is it possible to conceive that the act sought to charge this body with a completely useless task, one which can have no effect whatever, limited as it is to ordering the reinstatement solely when the removal of the employee has been on religious or political grounds? Really, we cannot conceive how an intention which is so practically purposeless

can be attributed to the Legislature. *Moreover, it may not be said that the commission acts as an arbiter or referee, and that the appointing officer retains the right to make the final decision, since an arbiter is appointed when a question must be decided and not when it has already been decided, as is the case when an officer or employee has been once dismissd. . ."* (Italics supplied.) 48 P.R.R. 527.

Appellant maintains that what appears in italics is authority in support of the point that the hearing of the charges could not be held before the Commission. The factual situation is different in the two cases. In the *Domenech* case the Commission attempted to intervene when the appointing official had already acted removing the employee from office, in a case where no political or religious questions were involved. It was expressly held that an arbiter is appointed when a question has to be decided and not when it has already been decided, as occurs when an employee has already been removed from office. In the case at bar, the defendant, Commissioner of Health, had not decided anything when he submitted the case for a hearing before the Commission, delegating his representation in the Assistant Commissioner, Dr. Arbona. The Civil Service Act does not expressly require that the hearing of the charges be held before the appointing official, nor does it prohibit said official from delegating in the Commission or in the Assistant Commissioner authority to hear the evidence and render a report upon the same, before proceeding to decide the case and remove the employee from office. The point is that the Commissioner or the Assistant Commissioner in this case do not act as arbiters, since they do not decide the case, but instead merely receive and hear the evidence and then report to the appointing official, who then decides the case, according to his personal criterion. This proceeding has been followed in general by those appointing officials who due to their many occupations and duties, cannot preside personally at the hearing of the charges. Thus, for example, the Governor, when he files charges against an official or employee

appointed by him has generally appointed a district judge to hear evidence and render a report to him, after which he proceeds to decide the case. What the law requires is that the official or employee be given an opportunity to hear the evidence which is offered against him and of defending himself, in other words, that he shall have his "day in court". We are of the opinion that the plaintiff did have it in this case and that all the legal requirements were complied with.

▮ The plaintiff alleges as error that the defendant, before removing him from office, took under consideration, and so he testified, a report from the Auditor of Puerto Rico, which was not offered in evidence at the hearing held before the Civil Service Commission and that, therefore, the plaintiff was deprived of his right to cross-examine the witnesses whose testimony was the basis of the Auditor's report. We have examined the report rendered by this official to the defendant (Exhibit *a* of the defendant), and it contains the sworn depositions of the witnesses Jerónimo Rivera and Fernando A. Esteban, who were interrogated in the course of the investigation carried out by the Examiner of Accounts, from the Auditor's Office. The testimony of the witness Esteban could not have affected the plaintiff because the defendant waived expressly the charge marked with letter *B* which referred to services not performed by the chauffeur Fernando A. Esteban, and for that reason, the defendant did not have to take into consideration said testimony when he decided to remove the plaintiff from office. With respect to the witness Jerónimo Rivera, the plaintiff cannot complain either because said witness testified at the hearing of the charges and was amply cross-examined by the plaintiff's attorney, said cross-examination filling nineteen pages of the transcript of the evidence. It cannot be maintained therefore that the plaintiff did not have the opportunity of facing all the evidence against him, as argued in the eighth assignment of error.

 Neither did the lower court have to take in consideration the fact that the plaintiff had been acquitted in a criminal case followed against him because of the same facts which caused his removal from office. The criminal action is independent of the administrative proceeding and one is not dependent upon the other. An appointing official's hands would be tied and he would be deprived of all the prerogatives which the law grants him over dismissals · from office, if the courts were compelled to order the reinstatements of employees because of the fact that another court had acquitted him in a criminal action based on the same facts which brought about his removal.

 The plaintiff maintains furthermore that his removal is illegal because it was not approved by the Governor of Puerto Rico in accordance with Section 8 of Act No. 81 ''To Reorganize the Sanitation Service'', approved on March 14, 1912, (page 122), which provides as follows:

"Section 8.—That the Director of Sanitation shall have the power to appoint, transfer or dismiss for cause, with the approval of the Governor, in accordance with the provisions of the Civil Service Act, employees whose appointments are not otherwise provided for in this Act: *Provided,* That in order to appoint, transfer or dismiss temporary employees, or to suspend any employee temporarily, said approval shall not be required.''

In the first place, we shall say that this question is raised for the first time on appeal and was not the object of decision by the lower court, which would be sufficient cause not to consider it. Notwithstanding this, however, we are of the opinion that the provision of the Act to reorganize the sanitation service copied above the approved in the year 1912, has been invalidated, so far as it requires that the removal of employees shall have the approval of the Governor, by the Civil Service Act approved on May 11, 1931, which in its Section 28, grants other appointing officials, in which class is the defendant, authority to remove for good cause the

officials and employees appointed by him, without the need of any approval on the part of the Governor of Puerto Rico.

The rest of the errors assigned by the plaintiff refer to the dismissal of the second count concerning a claim of damages which necessarily depended upon the first count, and to the holding of the lower court that the plaintiff had incurred in laches in the filing of this petition of mandamus, errors which although committed, could not change the decision of this case. We are of the opinion that the removal of the plaintiff was carried out in substantial agreement with the requirements of law and the writ of mandamus requested did not lie.

The judgment appealed from is affirmed.